HEARD APRIL TERM, 1875.

## CLARKE *vs.* SWEARINGEN.

It is not error to receive evidence on behalf of a defendant which could not prejudice the plaintiff's case as proved, whether such evidence was relevant and material or not.

It is not error to fail to charge a request by plaintiff which is altogether unimportant to his case as proved.

A charge that pursues the plaintiff's request cannot be objected to by him.

BEFORE COOKE, J., AT ABBEVILLE, APRIL TERM, 1874.

Action by James A. Clarke, plaintiff, against John I. Swearingen, defendant.

The complaint alleged that defendant was a common carrier for hire on the Savannah River; that on the 15th day of January, 1873, it was agreed between plaintiff and defendant that defendant would receive at Watkins' Landing, on said river, on the 23d day or the 27th day of the same month and year, eighteen bales of the plaintiff's cotton, and for the usual price of freight would transport

said cotton to the city of Augusta, and there deliver the same to Franklin, Reid & Co., the plaintiff's factors, and that the plaintiff should deliver the said cotton to the defendant at the said landing at the time mentioned; that, according to said agreement, the plaintiff did, on the 23d day of January, 1873, deliver eighteen bales of the plaintiff's cotton at the landing aforesaid; that the defendant did not, on either of the days mentioned, or at any time thereafter, transport said cotton to the city of Augusta, but, well knowing that the plaintiff had delivered the same at Watkins' Landing, as aforesaid, he permitted the same to remain there until the 22d day of February, 1873, when thirteen of said bales were swept off by a freshet in said river, and that six of the said thirteen bales were altogether lost, and the other seven were recovered in a damaged condition. Judgment was demanded for the value of the six bales lost by the plaintiff, and for the damages sustained by the injuries to the others.

The answer denied the contract as alleged by the plaintiff, or that the defendant agreed to receive the cotton at the time and place named by him; denied that any time for receiving the cotton had been agreed on; that defendant was ever notified that the cotton was at Watkins' Landing; that it was there at his risk or that he was liable for it.

At the trial the plaintiff testified as follows:

"On the 15th of January, 1873, at the late residence of Mrs. Jane L. Allen, in Elbert County, Georgia, he contracted with John E. Swearingen, the defendant, to carry by boat to the city of Augusta eighteen bales of plaintiff's cotton on either the 25th or the 27th day of January, 1873, at the price of fifty cents the hundred pounds, and to deliver the same to Franklin, Reid & Co., cotton factors. The cotton was to be delivered at 'Watkins' Landing,' on the Savannah River, by the former day, and, agreeably to the contract, the eighteen bales of cotton were delivered at Watkins' Landing. The defendant did not carry to Augusta any bales of the cotton, which remained at Watkins' Landing until the 23d of February, 1873, when thirteen bales of the cotton were removed from their place of deposit by high water; of these bales seven were recovered, five of which were badly damaged, and the remaining six bales were never recovered or heard of. The average weight of the bales was four hundred and one pounds. The price of cotton was eighteen and a half cents, and the whole loss was $559.89.

The expenses of search and the salvage was $71.50, making the total loss $631.30. The cotton remaining at Watkins' Landing, plaintiff wrote to defendant the 1st of February, 1873, that he had delivered the cotton at Watkins' Landing, according to their agreement, and urged him to carry it to Augusta without delay. To this note defendant replied, and promised to carry the cotton during the following week. Defendant's note to the plaintiff has been lost or mislaid and cannot be produced."

A. A. Blackwell and Samuel Carter were also examined on behalf of plaintiff, and gave evidence tending to show that there was an agreement between plaintiff and defendant, as testified to by the plaintiff. They and other witnesses testified that the cotton was deposited at a safe place on the bank of the river, and that it was swept off on the 23d of February, 1873, by an extraordinary freshet, and that defendant made no effort to save the cotton.

The defendant and others were examined for the defense. Some of them gave evidence tending to show that it was the general custom on the Savannah River for persons who took cotton there to be carried to guard it themselves until it was taken by the carrier on his boat. This evidence was objected to by plaintiff, and on the objection being overruled he excepted to the ruling.

The plaintiff asked the Court to instruct the jury as follows:

1. Mr. Burt respectfully asks His Honor Judge Cooke to instruct the jury that if the contract between the parties was that the defendant should receive and carry the plaintiff's cotton on a particular day, or at a time between two periods of time, at a specified place, and the cotton was delivered according to the contract, and the defendant failed to carry the cotton according to the contract, and the cotton was afterwards lost, even by the act of God, the plaintiff must recover.

2. That the delivery of the cotton at the time and place agreed on by the parties was a delivery to the defendant.

This, said His Honor, I did charge the jury, leaving them to find from the testimony whether or not the custom prevailed, as proved. The first was also fairly submitted to the jury, leaving them to find whether or not a special contract had been made between the parties, varying the custom, except that portion as to the act of God, which I unintentionally overlooked.

The jury found for the defendant, and thereupon the plaintiff moved for a new trial upon the following grounds:

1. Because the verdict is against the overwhelming weight of the evidence.

2. Because the contract to receive and transport the plaintiff's cotton in the month of January, 1873, was proved by three witnesses, to wit, the plaintiff, Blackwell and Carter.

3. Because there was no act of God to prevent the defendant from executing his contract to carry the cotton of plaintiff until Sunday, the 23d of February, 1873.

4. Because the proof shows that plaintiff made every exertion to save his cotton after he was apprised of the freshet.

5. Because the defendant made no effort to save the plaintiff's cotton, and gave him no notice that he could not transport it at the time agreed on between them.

The motion was overruled, and the plaintiff appealed.

*Burt*, for appellant.

*McGowan & Parker*, contra.

September 9, 1875. The opinion of the Court was delivered by

WILLARD, A. J. The main question at the trial was, whether a delivery of the goods set forth in the complaint had been made to the defendant under an express contract with the defendant that he should carry them from Watkins' Landing to Augusta and there deliver them to the plaintiff's consignees.

The facts appeared upon the trial that the plaintiff hauled the goods in question, consisting of cottton in bales, to the banks of the Savannah River, at an intermediate landing place for defendant's boat in its trips up and down the river. The goods were piled in a place regarded as safe from the waters of the river and were left without shelter or person to guard them.

There was delay on the part of the defendant in calling for the goods, and in the meantime an extraordinary freshet occurred, occasioning partial destruction and injury to the goods.

The first exception relates to proof introduced by the defendant, notwithstanding objection on the part of the plaintiff, to the following effect: "The general custom was for persons to guard their cotton until delivered on boat."

There is nothing in the contract as set forth in the complaint or in the testimony of the parties themselves to warrant the conclusion that anything short of actual delivery or tender to the plaintiff or to some person in charge of his business as a carrier was sufficient to subject the defendant to the risks and liabilities of a carrier as it respects the safety of the goods in question.

If defendant had agreed, upon consideration, to be present to receive the goods at a designated time and place, and had failed so to do, an action would arise for damages sustained in consequence thereof.

The evidence under immediate consideration has no bearing upon the aspect of the case last referred to, but bears exclusively on the question whether the depositing of the goods at the landing was in itself a delivery to the defendant so as to charge him at once with the responsibilities of a carrier.

The plaintiff's case was destitute of evidence tending to show that the goods were at the risk of the defendant at the time and place of the damage. It was unnecessary for the defendant to offer proof tending to show that such a deposit of the goods was not a delivery according to the habit of business at that particular landing, for that conclusion was already the proper inference from the terms of the contract as laid and proved. The evidence in question neither tended to contradict or vary the terms of the contract nor to explain it as to any matter of a doubtful nature. It is not necessary, therefore, to consider whether it was properly relevant and material, for, even if not, under no aspect could it prejudice the plaintiff's case as it stood under the terms of the contract. This exception must be disallowed.

The remaining exceptions relate to the rulings upon certain requests to charge.

The case states that the first instruction prayed " was fairly submitted to the jury, leaving them to find whether or not a special contract had been made between the parties, varying the custom, except that portion as to the act of God, which I unintentionally overlooked."

That portion of the request unintentionally overlooked related to the nature of the defendant's liability, assuming that a delivery had been made sufficient to charge defendant with the liability of a carrier with respect to the goods. Inasmuch as the force of the plaintiff's exception must be tested by the assumption of an express

contract to convey, and as the obligations and proofs of the plaintiff failed to show a contract making a deposit of the goods at the place in question equivalent to an actual delivery, the failure to submit a proposition the only bearing of which was to test the defendant's liability when there had been a delivery and acceptance of the goods was altogether unimportant.

The remaining portion of the first request to charge must, under the statement of the case, be regarded as having been charged according to the plaintiff's desire, and, therefore, this exception fails.

The second request to charge was as follows: " That the delivery of the cotton at the time and place agreed on by the parties was a delivery to the defendant." Had the Court simply refused to charge, as thus requested, the ruling would have been supported by the true construction of the contract. But the Court took a view of the question more favorable for the plaintiff than the case warranted. He says: " This I did charge the jury, leaving them to find from the testimony whether or not the custom prevailed as proved." This charge, although not consistent with the terms of the contract, was favorable to the plaintiff rather than to the defendant, and, if objected to by either party, that objection should come from the defendant. At all events, as the charge pursued the plaintiff's request, he is not in a position to object to it.

This exception must be disallowed. It does not appear that any request to charge or ruling was made bearing on the question whether the defendant had sufficiently excused his failure to be at the landing in question at the time required by the contract, assuming that the contract was established in accordance with the allegations and proofs on plaintiff's part. That aspect of the case is not, therefore, before us in the present case.

The motion should be dismissed.

*Moses*, C. J., and *Wright*, A. J., concurred.